# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50939
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN PAUL DE-LA-ROSA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CR-317-5

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Martin Paul De-La-Rosa appeals the 235-month, within-guidelines sentence imposed following his guilty plea conviction of conspiracy to possess with intent to distribute a mixture or substance containing methamphetamine. He argues that the district court erred in failing to apply the purity rate to the drug quantity attributed to him at the sentencing hearing and in assessing a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50939

criminal history point for a prior sentence that was imposed outside the applicable time period of U.S.S.G. § 4A1.2(e).

As De-La-Rosa correctly concedes, our review is for plain error. To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but should do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

At a minimum, De-La-Rosa has not satisfied the third prong of the plain error test with regard to either alleged error. As to whether his substantial rights were affected, his base offense level and guidelines range remain the same after the 96.5 per cent purity rate is applied to the 88 ounces of methamphetamine attributed to De-La-Rosa. Likewise, his criminal history category and guidelines range remain the same after subtraction of the contested criminal history point. De-La-Rosa thus fails to demonstrate "a reasonable probability that, but for the district court's error[s], [he] would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

AFFIRMED.